1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FREIDA GAIL DREWERY, an individual,

    Plaintiff,

    v.

MERVYNS DEPARTMENT STORE,

    Defendant.

Case No.  C07-5017RJB

ORDER ON DEFENDANT'S
MOTION FOR COSTS

        This matter comes before the court on Defendant's Motion for Costs.  Dkt. 33.   The Court

has considered the pleadings filed in support of the motion and the file herein.

PROCEDURAL AND FACTUAL BACKGROUND

        On January 12, 2007, Plaintiff Freida Gail Drewery filed an Employment Discrimination

Complaint, alleging that Defendant Mervyns Corporation discriminated against her on the basis of her

race or color, her religion, and her age.  Dkt. 3.  On May 10, 2007, Defendant served Plaintiff with an

Offer of Judgment for $2000.00 pursuant to Fed. R. Civ. P. 68.  *See* Declaration of Elizabeth Van

Moppes ("Van Moppes Decl."), Dkt. 34, Exh. A.  On or about May 16, 2007, Plaintiff rejected

Defendant's Offer of Judgment.  *Id*. at Exh. B.

        On December 21, 2007, the Court granted Defendant's Motion for Summary Judgment (Dkt.

31) and then dismissed the case (Dkt. 32).

        Defendant claims that from May 10, 2007, to December 21, 2007, it expended $28, 202.56 in

1  attorney's fees and incurred $4,537.71 in additional associated costs to defend this case. *See* Van

2  Moppes Decl., ¶¶ 12, 15.  On January 4, 2008, Defendant filed a Motion for Costs arguing that it was

3  entitled to a full reimbursement of these costs.  Dkt. 33.  Plaintiff, who has represented herself *pro se*,

4  did not file a response.  On January 17, 2007, Defendant filed a reply.  Dkt. 35.

5

6                                              DISCUSSION

7         Defendant argues that "Plaintiff's failure to timely serve any opposition signifies a lack of basis

8  for contesting Defendant's Motion for Costs."  Dkt. 35 at 1.  Failure to oppose a motion may be

9  considered by the court as an admission that the motion has merit.  Local Rule 7(b)(2).  On the other

10  hand, by signing a written motion, the attorney is certifying that, to the best of her "knowledge,

11  information, and belief, formed after an inquiry reasonable under the circumstances," that the "legal

12  contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or

13  reversing existing law or for establishing new law."  Fed. R. Civ. P. 11(a)-(b).  As more fully explained

14  below, Defendant's arguments are not warranted by current law and are highly questionable arguments

15  in support of either reversing existing law or establishing new law.

16  **A.      Fed. R. Civ. P. 68**

17         After receiving and rejecting an offer of judgment, "if the judgment that the [plaintiff] finally

18  obtains is not more favorable than the unaccepted offer, the [plaintiff] must pay the costs incurred after

19  the offer was made."  Fed. R. Civ. P. 68(d).  Rule 68, however, "applies only to offers made by the

20  defendant and only to judgments obtained by the plaintiff.  It therefore is simply inapplicable to this

21  case because it was the defendant that obtained the judgment."  *Delta Air Lines, Inc. v. August*, 450

22  U.S. 346, 352 (1981); *MRO Communications, Inc. v. American Tel. & Tel. Co.*, 197 F.3d 1276, 1280

23  (9th Cir. 1999).  Although in *Delta Airlines* Justice Powell only concurred in the result, he noted that

24  the Court's holding implies that "a defendant may obtain costs under Rule 68 against a plaintiff who

25  *prevails in part* but not against a plaintiff who *loses entirely*."  *Id.* at 362 (Powell, J.,

26  concurring)(emphasis in original).

27         In support of its argument that Rule 68 is relevant to an award of costs in this case, Defendant

28  has cited a Ninth Circuit case, *Haworth v. Nevada*, 56 F.3d 1048 (9th Cir. 1995), that is factually

ORDER
Page - 2

distinguishable from this case.  In *Haworth*, the plaintiffs prevailed on one of their claims.   The Ninth Circuit held that the defendant was entitled to costs under Rule 68 because the defendant's offer of judgment exceeded the final judgment obtained by the plaintiffs.  In this case, Defendant obtained summary judgment and Plaintiff lost entirely.  Therefore, contrary to Defendant's argument and inaccurate summary of authorities, Rule 68 is not applicable to this case.  The remainder of Defendant's arguments regarding fee shifting in Title VII cases, the definition of "costs", and attorney's fees as costs are irrelevant.  Defendant may not recover costs, including attorney's fees, pursuant to Rule 68.

**B.      Fed. R. Civ. P. 54**

Defendant argues that it is entitled to "costs for obtaining Ms. Drewery's testimony and a copy of the transcript of her deposition, copying, service, and travel costs."  Dkt. 33 at 3.  The prevailing party is entitled to an award of costs for "fees for exemplification and copies of papers necessarily obtained for use in the case."  28 U.S.C. § 1920(4); Fed. R. Civ. P. 54(d)(1).  Defendant maintains that it is entitled to reimbursement for:

- deposition reporting fees of $2200.10;
- mediator's fees of $1805.00;
- parking fee of $24.00;
- telephone fee of $1.67;
- postage delivery fee of $30.00;
- printing/copying fees of $454.38; and
- miscellaneous supply fee of $22.56.

Dkt. 35 at 3-4; Van Moppes Decl. at ¶ 15.

Defendant fails to show that a mediator's fee is considered a fee "for exemplification and copies of papers necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  Likewise, Defendant fails to show that the parking fee, the one dollar and sixty seven cent telephone fee, the postage delivery fee, and the miscellaneous supply fee are warranted.  The Court should not award Defendant these amounts as costs.

The record reflects that Defendant used only eighteen pages of Plaintiff's 223 plus page

1    deposition.  *See* Dkt. 19, Declaration of Elizabeth Van Moppes, Exh. E.  Defendant, however, claims

2    that it is entitled to the fee for the entire deposition.  Defendant has failed to show that the entire

3    deposition was necessarily obtained for use in this case.  Therefore, the Court should allow Defendants

4    to recover only a portion of cost of the deposition.  The Western District of Washington clerk's office

5    charge for copies is fifty cents per copy.  Because eighteen pages were used in this case, Defendant is

6    entitled to $9.00.

7            As for the printing and copying fees, Defendant did not sufficiently itemize these costs.  Thus,

8    Defendant has failed to show that these costs were necessarily incurred for this case.

9                                                    ORDER

10           Therefore, it is hereby

11           **ORDERED** that Defendant's Motion for Costs (Dkt. 33) is **DENIED in part** and

12   **GRANTED in part** as follows:

13           •       Defendant is awarded costs in the amount of $9.00; and

14           •       the remainder of Defendant's requests for costs are denied.

15           The Clerk is directed to send uncertified copies of this Order to all counsel of record and to

16   any party appearing *pro se* at said party's last known address.

17           DATED this 25th day of January, 2008 .


19
                          ROBERT J. BRYAN
20                        United States District Judge


ORDER
Page - 4